JOURNAL ENTRY and OPINION
Defendant-appellant herein, Yulian Gross, appeals from the trial court's determination that he be classified as a sexual predator. For the reasons stated below we affirm the finding of the trial court.
On June 21, 1999, the appellant plead guilty to one count of rape of a child under thirteen years of age in violation of R.C.2907.02, one count of abduction in violation of R.C. 2905.02 and one count of gross sexual imposition involving a victim under the age of thirteen in violation of R.C. 2907.05. Pursuant to a plea bargain reached by appellant's counsel and the state, the count in the indictment which had alleged kidnapping of a child under the age of thirteen years was amended to abduction. It was also stipulated as part of the plea bargain, that the abduction count would merge with the rape count for the purposes of sentencing. Furthermore, the plea bargain resulted in the state deleting the force element from the rape charge.
The facts of this case are as follows. The appellant, who was eighteen at the time of the offense, had known the twelve-year-old victim for a period of approximately two to three weeks. The victim was staying with a relative at a home next door to where the appellant lived. The appellant invited the victim over to his home under the ruse of watching television with himself and other occupants of the house. When the victim arrived, she discovered that the appellant was home alone. The appellant led the victim into a bedroom where he threw her on the bed, held her down with one hand and pulled down her pants with his other hand. The appellant penetrated the victim's vagina with his penis several times and also reached under her shirt to feel her breasts. At one point during the incident, someone knocked on the bedroom door at which time the appellant forcefully placed his hand over the victim's mouth to keep her from calling out.
The victim sustained severe injuries to her genital regions as a result of the attack and bled very heavily both at the scene of the crime and after returning home. The victim was treated at Rainbow Babies and Childrens Hospital for a second-degree semi-circular laceration to the right vaginal wall and a first degree laceration to the hymen. The victim's aunt, who was also custodial parent, stated that the victim became withdrawn after the incident and was receiving counseling at a rape crisis center.
At the sentencing hearing the trial court determined that the appellant should be classified as a sexual predator under the factors delineated in R.C. 2950.09. After finding that the appellant was a sexual predator, the trial court proceeded to sentence the appellant to the maximum term of imprisonment on the kidnapping charge — ten years, and to a term of imprisonment of four years on the gross sexual imposition charge. The trial court ordered that the two prison terms be served consecutively.
The appellant timely filed the within appeal challenging his classification as a sexual predator. The appellant assigns four errors for this court's review. Three of the assignments of error raise constitutional issues substantially indistinguishable from those that the Ohio Supreme Court resolved in State v. Williams
(2000), 88 Ohio St.3d 515, State v. Cook (1999), 83 Ohio St.3d 404
and that this court addressed in State v. Ward (1999), 130 Ohio App.3d 551,720 N.E.2d 603. Therefore, assigned errors two through four are overruled.[1] The appellant's first assignment of error states:
 I. YULIAS GROSS WAS DENIED OF (SIC) HIS FUNDAMENTAL RIGHTS WITHOUT DUE PROCESS OF LAW BY THE TRIAL COURT'S FINDING THAT HE WAS A SEXUAL PREDATOR, AS THE EVIDENCE PRESENTED WAS NOT SUFFICIENT TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT HE WAS LIKELY TO COMMIT FUTURE SEXUAL OFFENSES.
In making its finding that the appellant had been shown to be a sexual predator by clear and convincing evidence, the trial court expressly referenced the factors relevant to the determination contained in R.C. 2950.09(B)(2). Specifically, the trial court stated that it was basing its ruling on the appellant's extensive prior record, the age of the appellant and the age of the victim at the time of the offense, the fact that the victim was mentally impaired, the manner in which the appellant lured the victim away from her home to facilitate the commission of the crime, the violent nature of the crime and the severe injuries suffered by the victim. The trial court correctly noted that R.C. 2950.09(B)(2) required that the court consider the appellant's entire criminal record, not only prior sexual offenses. An offender's prior criminal record on all offenses, including but not limited tosexual offenses, is relevant to the court's sexual predator determination. State v. Ward, supra. (Emphasis added.)
The appellant argues that he should not have been classified as a sexual predator because he does not have a history of sexually related criminal behavior and that, therefore, there was no way the court could find by clear and convincing evidence that the appellant was likely to commit a sexually oriented offense in the future. The appellant also asserts in this appeal that the trial court overstated the brutality of the crime as the injuries suffered by the victim were the usual injuries sustained to the vagina and hymen when a young virgin is raped.
In State v. Ward, supra, this court stated that in making a determination as to whether an offender is likely to commit a sexually oriented offense in the future, a court must decide whether there exists proof that produces a firm belief of conviction that an offender will more likely than not commit another sex offense in the future.
In State v. Chandler (May 6, 1999), Cuyahoga App. No. 72310, unreported, this court upheld a sexual predator determination despite the fact that the offender did not have a prior history of sexually related offenses. The court reasoned that the circumstances of the offense were sufficient to support a sexual predator classification despite the lack of a prior record:
 After completing our review of the facts presented in the record in this case and noting Chandler's age and that of the victim, the nature of the sexual conduct and sexual contact he had with the victim, the fact that he used his superior position, size and age to dominate a medically infirm individual which helps to define the cruelty in the commission of these offenses, and by causing her submission at knife point, we have concluded the trial court's classification of Chandler as a sexual predator is established by clear and convincing evidence.
Similarly in this case, the appellant took unconscionable advantage of a twelve-year-old girl with limited mental capacity. Although the appellant did not use a knife as the defendant in Chandlerhad with his victim, the injuries sustained by the victim in the present case are far more serious, notwithstanding appellant's counsel's attempts to minimize their severity by suggesting that such injuries routinely occur when young girls are brutally raped. As did the offender in Chandler, the appellant herein used his superior position, size and age to dominate a medically infirm individual, demonstrating cruelty in the commission of the offense.
After thoroughly reviewing the underlying facts of this case, we are satisfied that the trial court sufficiently considered all of the appropriate factors in reaching its determination.
Therefore, this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ MICHAEL J. CORRIGAN, JUDGE
 TERRENCE O'DONNELL, P.J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] Appellant's assignments of error two through four state:
 II. THE TRIAL COURT ERRED WHEN IT CLASSIFIED MR. GROSS AS A SEXUAL PREDATOR BECAUSE THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, AS THEY ARE SYSTEMATICALLY FLAWED.
 III. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE I OF THE OHIO CONSTITUTION.
 IV. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.